**In re** OCEANIC STEAM NAVIGATION CO. Appeal of LONG ISLAND LOAN & TRUST CO. In re CASE.

(Circuit Court of Appeals, Second Circuit. February 11, 1913.)

No. 206.

ADMIRALTY (§ 103*)—APPEAL—DECISIONS REVIEWABLE.

> An order, made in a proceeding for limitation of liability, enjoining the bringing of actions by damage claimants, is a final order, and reviewable on appeal by a claimant, where it appears that the question of petitioner's right to a limitation of liability cannot be determined before such claimant's cause of action will be barred by limitation.
>
> [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 712–719; Dec. Dig. § 103.*]

Appeal from the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

In the matter of the petition of the Oceanic Steam Navigation Company, owner of the steamship Titanic, for limitation of liability. From an order granting an injunction, the Long Island Loan & Trust Company, as executor, appeals. Petition of Elizabeth C. Case for a writ of mandamus, directed to the judges of the District Court in the same proceedings. On motions to dismiss appeal and for mandamus. Both motions overruled.

See, also, 204 Fed. 260.

Hunt, Hill & Betts, of New York City (G. W. Betts and F. H. Kinnicutt, both of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham, J. Parker Kirlin, and N. B. Beecher, all of New York City, of counsel), for appellee.

John C. Prizer, of New York City (Frederick M. Brown, of New York City, of counsel), for claimant.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Two motions have been made: One, to dismiss an appeal; the other, for a mandamus.

As to the motion to dismiss, we think that the injunction order appealed from disposes of appellant's right (assuming that he has rights) with such absolute finality that it may, as to him, be considered a final decision within the meaning of the statute. The motion to dismiss is therefore denied.

Since the claimant in the other application may obtain relief by appeal, it is not necessary to consider the further questions presented by his application for mandamus.

The appeal may be set for argument on the 17th of February.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes